# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4429 | **DATE** | 4/4/2002 |
| **CASE TITLE** | US ex rel. Enis vs. Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/27/2002 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** We grant petitioner's motion (Doc 14-1), and stay any proceedings involving his petition for habeas corpus for 60 days to allow the state court to consider his petition for postconviction relief. Ruling set for April 25, 2002 is stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 5 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 18 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANTHONY ENIS, ) ) ) Petitioner, ) ) vs. ) ) JAMES M. SCHOMIG, Warden, Pontiac Correctional Center, ) ) ) Respondent. ) | 01 C 4429 |

## MEMORANDUM OPINION

This matter comes before the court on the petitioner's motion to stay habeas proceedings pending resolution of a petition for postconviction relief pending in the Circuit Court of Lake County. For the reasons set forth below, the motion is granted and proceedings will be stayed for 60 days.

## BACKGROUND

Petitioner Anthony Enis ("Enis") was convicted of first-degree murder in Lake County, Illinois and was sentenced to death by lethal injection. The Illinois Supreme Court affirmed Enis's conviction and sentence in People v. Enis, 645 N.E.2d 856 (1994). Enis thereafter filed a petition for postconviction relief in June 1995, the denial of which was ultimately upheld in November 2000. People v. Enis, 743 N.E.2d 1 (2000). The state supreme court denied rehearing on January 29, 2001. Enis then filed

a second postconviction petition in Lake County and a petition in this court for a writ of habeas corpus. He now moves to stay proceedings on the federal petition until the state court action is resolved.

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") state prisoners seeking habeas relief must file their petitions no more than one year from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). If a prisoner properly files an application for postconviction or collateral review with a state court, the limitations period is tolled while the state court completes its examination of the petitioner's claim. The key to the tolling provision is that the application must be properly filed, otherwise the prisoner's allotted time to file a habeas petition will continue to elapse. See, e.g., Artuz v. Bennett, 121 S.Ct. 361 (2000); Tinker v. Hanks, 255 F.3d 444 (7th Cir. 2001); cf. Smith v. Walls, 276 F.3d 340, (7th Cir. 2002). Many a petitioner has lost their opportunity to seek federal relief while awaiting the outcome of a state petition that is eventually determined to be improperly filed. The most effective way for a prisoner to keep all avenues open is to file a "precautionary federal petition" within the most conservative measure of the one-year period. Brooks v. Walls, 279 F.3d 518, 524-25 (7th Cir. 2002). The district court can then stay the federal petition for the duration of the state action, and the petitioner will not run afoul of AEDPA if he or she eventually

goes to federal court. See, e.g., Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000); U.S. ex rel. Erickson v. Schomig, 162 F. Supp. 2d 1020, 1050-51 (N.D. Ill. 2001).

Respondent James Schomig ("Schomig") takes the position that a stay is inappropriate in this case because Enis has "for all intents and purposes" exhausted all available state remedies and that his pending state petition is "presumptively impermissible." They argue that it would serve no purpose to wait any longer to address Enis's petition. Although these characterizations of the situation at hand may ultimately prove to be correct, they implicitly acknowledge the possibility, remote though it may be, that the state court may afford Enis some or all of the relief he requests in his petition. The claims in the state petition mirror some of the bases for relief in the federal petition, and we think it prudent to await, for a reasonable time, the state court's treatment of these issues.

We note, however, that we are not precluded from reviewing Enis's petition while the state case is pending; a grant of a stay is discretionary. 28 U.S.C. § 2254(b)(2); U.S. ex rel. Williams v. Gilmore, 104 F. Supp. 2d 931, 931 (N.D. Ill. 2000). In the present circumstances, we think a stay is the most appropriate course of action; it serves the ends of both federalism, in stepping back while the state reviews its own decision, and fairness, in not foreclosing any federal remedy Enis may have while the state action is pending. However, any stay that will stretch on indefinitely undermines the purpose of the AEDPA time limit. See Neal v. Gramley, 99 F.3d 841

(7th Cir. 1996). Accordingly, we stay proceedings on Enis's petition for 60 days from the date of this opinion and will revisit the matter at that time.

## CONCLUSION

Based on the foregoing analysis, we grant petitioner's motion and stay any proceedings involving his petition for habeas corpus for 60 days to allow the state court to consider his petition for postconviction relief.

								_____
								Charles P. Kocoras
								United States District Judge

Dated: April 4, 2002