# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4429 | **DATE** | 1/6/2005 |
| **CASE TITLE** | Enis vs. Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, petitioner's request for a certificate of appealability is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 07 2005 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 4/1 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY ENIS, )
)
            Petitioner, )
)
) No. 01 C 4429
)
JAMES SCHOMIG )
)
)
           Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Anthony Enis' ("Enis") request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons stated below, Enis' request for a certificate of appealability is denied.

## BACKGROUND

Enis was convicted of the murder of Merlinda Entrata ("Entrata") and sentenced to death in a jury trial in the Circuit Court of Lake County, Illinois ("trial court"). After exhausting his state court remedies on direct appeal and in post-conviction proceedings, Enis filed a petition for writ of *habeas corpus*. On

1

September 29, 2004, in a memorandum opinion, we denied Enis' petition for writ of *habeas corpus*. *Enis v. Schomig*, 2004 WL 2203420 (N.D. Ill. 2004). Enis now seeks a certificate of appealability.

## LEGAL STANDARD

In order to appeal the denial of a petition for writ of *habeas corpus,* a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

In Enis' request for a certificate of appealability, Enis argues that this court should issue a certificate of appealability for the following claims raised in his Petition: claim I, relating to trial court's denial of a motion to suppress; claim III,

relating to ineffective assistance of counsel allegations; claim IV, relating to an allegation of a due process violation; and claim VII, relating to an allegation of a *Brady* violation. On September 29, 2004, in a memorandum opinion, we denied Enis' petition for writ of *habeas corpus* and extensively addressed all of his claims, including claims I, III, IV, and VII. Enis, in his request for certificate of appealability, has attempted to rehash the same arguments raised in his petition for writ of *habeas corpus*. Enis has failed to make a substantial showing that he has been denied a constitutional right. Enis has also failed to show that reasonable jurists could agree or debate that claims I, III, IV, and VII of his petition for writ of *habeas corpus* should be granted. In addition, Enis has not presented any meritorious arguments that would indicate that the issues presented in claims I, III, IV, and VII deserve "encouragement to proceed further." *Slack*, 529 U.S. at 484. Therefore, we deny Enis' request for a certificate of appealability.

## CONCLUSION

Based on the foregoing, we deny Enis' request for a certificate of appealability.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 6, 2005